UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| United States of America, | Case No. 2:21-cr-00246-JAD-BNW |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| Gerald Williams, | |
| Defendant. | |

Before the Court is the Government's ex-parte request for in-camera examination of potential impeachment information relating to Government witness Quiana Pascalau.

**I.      Background**

On August 3, 2022, the Government called former Nevada Department of Public Safety ("DPS") employee Quiana Pascalau to testify at an evidentiary hearing regarding Defendant Gerald Williams' motion to suppress (filed at ECF No. 28). During her tenure with DPS, Ms. Pascalau was assigned to the Division of Parole and Probation in Las Vegas, Nevada, where she served as Mr. Williams' parole officer.

At the close of the evidentiary hearing,[1] the Government notified the Court that it had received Mr. Williams' request for impeachment information under *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991) and requested the Court to evaluate whether certain documents needed to be turned over to the defense. The Court subsequently directed the Government to e-mail a copy of the potential *Henthorn* documents to chambers.

**II.     Analysis**

The Ninth Circuit has long held that the government's obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) require that the government examine personnel files of law enforcement officers it intends to call as witnesses for evidence regarding the officers' credibility

---

[1] The hearing was continued to August 12, 2022. ECF No. 41.

upon a defendant's request for their production. *United States v. Henthorn*, 931 F.2d 29, 30–31 (9th Cir. 1991); *United States v. Cadet*, 727 F.2d 1453, 1467 (9th Cir. 1984). If the government concludes that the personnel file does not contain information "that is or may be material to the defendant's case[,]" its duty has been fully discharged. *Henthorn*, 931 F.2d at 31. But when the government is uncertain as to whether a personnel file contains discoverable impeachment material, it is obligated to submit the file to the court for in-camera review. *Id*.

Here, the Court finds that the information in Ms. Pascalau's personnel file is material to Mr. Williams' case and will order the Government to disclose it to Mr. Williams. *See Giglio v. U.S.*, 405 U.S. 150, 154 (1972) (explaining that matters affecting the credibility of key witnesses are considered material to a defendant's case).

Ms. Pascalau is a key witness who served as Mr. Williams' parole officer. Her personnel file reveals that she was disciplined for improperly obtaining and disclosing confidential information to unauthorized recipients for personal gain. DPS personnel found that her conduct violated DPS policies and "jeopardized her credibility in performing her duties."

Finally, before disclosing the information to Mr. Williams, the Government must redact the names of the four individuals Ms. Pascalau referenced in her communications with non-DPS employees.

### III.   Conclusion and Order

**IT IS THEREFORE ORDERED** that the Government must produce the documents submitted for review to the defense upon receipt of this Order.

DATED: August 11, 2022.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE