JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
K. NICHOLAS PORTZ
Nevada Bar No. 12473
BIANCA R. PUCCI
Assistant United States Attorneys
Nevada Bar No. 16129
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
Nick.Portz@usdoj.gov
Bianca.Pucci@usdoj.gov
*Attorneys for the United States of America*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No: 2:21-cr-00246-JAD-BNW |
| vs. | **Stipulation for a Protective Order** |
| GERALD WILLIAMS, | |
| Defendant. | |

The parties, by and through the undersigned, respectfully request that the Court issue an Order protecting from disclosure to the public or any third party not directly related to this case, the specified discovery provided in this case. The parties state as follows:

1. On September 8, 2021, a grand jury returned an indictment charging Williams with one count of *Felon in Possession of a Firearm*, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). ECF No. 1. On March 22, 2022, a grand jury returned a superseding indictment adding a second count for *Possession with Intent to Distribute Methamphetamine*, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii). ECF No. 24. On May 18, 2022, Williams filed a motion to suppress evidence. ECF No. 28. The government responded. ECF No. 33. Williams Replied.

1

ECF No. 37.

2. On August 3, 2022, an evidentiary hearing commenced on the motion to suppress. ECF No. 41. On that day, the government informed the Court *ex parte* of potential *Henthorn* material concerning a former parole officer for Nevada Probation and Parole. As government counsel informed the court, the government did not yet have the reports related to the potential *Henthorn* material.

3. On Tuesday, August 9, 2022, the government received and provided the report regarding the potential *Henthorn* material to the Court for an *in camera* review. On Thursday, August 11, 2022, the Court ordered the material to be redacted and disclosed to Williams. ECF No. 42. That same day, the government provided the redacted discovery to Williams.

4. In order to protect the relevant witness, the parties intend to restrict access to the Protected Material in this case to the following individuals: attorneys for all parties, the defendant, and any personnel that the attorneys for all parties consider necessary to assist in performing that attorneys' duties in the prosecution or defense of this case, including investigators, paralegals, experts, support staff, interpreters, and any other individuals specifically authorized by the Court (collectively, the "Covered Individuals").

5. Without leave of Court, the Covered Individuals shall not:

    a. make copies for, or allow copies of any kind to be made by any other person of the Protected Material in this case or permit dissemination of the Protected Material to the public or third parties;

    b. allow any other person to read, listen, or otherwise review the Protected Material;

    c. use the Protected Material for any other purpose other than preparing to defend against or prosecute the charges in the indictment or any further

superseding indictment arising out of this case; or

    d. attach the Protected Material to any of the pleadings, briefs, or other court filings except to the extent those pleadings, briefs, or filings are filed under seal.

6. Nothing in this stipulation is intended to restrict the parties' use or introduction of the Protected Material as evidence at trial or support in motion practice.

7. The parties shall inform any person to whom disclosure may be made pursuant to this order of the existence and terms of this Court's order.

8. The defense hereby stipulates to this protective order.

DATED this 12th day of August, 2022.

Respectfully submitted,

| For the United States: | For the Defense: |
|---|---|
| JASON M. FRIERSON<br>United States Attorney | RENE L. VALLADARES<br>Federal Public Defender |
| /s/ *Bianca R. Pucci*<br>BIANCA R. PUCCI<br>K. NICHOLAS PORTZ<br>Assistant United States Attorney | /s/ *Heidi Ojeda*<br>HEIDI OJEDA<br>JAWARA GRIFFIN<br>JACKIE WITT<br>Assistant Federal Public Defenders and Attorneys for Gerald Williams |

## ORDER

IT IS ORDERED that ECF No. 43 is GRANTED in part and DENIED in part. It is granted in all respects except that, to the extent the parties wish to file the protected information under seal, they must file an appropriate motion to seal. Additionally, the Court will likely discuss the *Henthorn* material in its Report and Recommendation on Defendant's motion to suppress. To the extent either party wishes to have the Court's discussion of this information left out of the public record, they must file an appropriate motion (with citation to legal authority) 14 days after the conclusion of the Court's evidentiary hearings on the motion to suppress.

**IT IS SO ORDERED**

**DATED:** 1:31 pm, August 15, 2022

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**